UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

DEAN W. HALE,

    Petitioner,

vs.

KIM HALLAND,

    Respondent.

No. C 13-2151 PJH (PR)

**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; FOR RESPONDENT TO SHOW CAUSE; AND DENYING MOTION TO APPOINT COUNSEL**

    Petitioner, a California prisoner currently incarcerated at the California Correctional Institute has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Contra Costa County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). He also applied for leave to proceed in forma pauperis.

## BACKGROUND

    Petitioner was found guilty after a jury trial of forty counts of a lewd act upon a child under the age of fourteen years. Docket No. 2 at 29. Petitioner was sentenced to 325 years to life on December 7, 2009. *Id.* Petitioner's petition for review was denied by the California Supreme Court on June 20, 2012. *Id.* at 91.

## DISCUSSION

**A.    Standard of Review**

    This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet

heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.   Legal Claims**

As grounds for federal habeas relief, petitioner asserts: (1) the aggravated sexual assault count should have been subject to the ten year state statute of limitations; (2) the trial court erred by failing to instruct the jury on the statute of limitations and counsel was ineffective for failing to request an instruction; (3) there was insufficient evidence to support sodomy by force; (4) the trial court erred by excluding the victim's theft misconduct which prevented petitioner from presenting a defense; and (5) prosecutorial misconduct.[1]

Count one involves the interpretation of state law regarding the statute of limitations with respect to Cal. Penal § 269, aggravated sexual assault of a child. This claim is dismissed as it solely involves an issue of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas unavailable for violations of state law or for alleged error in the interpretation or application of state law); *Loeblein v. Dormire*, 229 F.3d 724, 726 (8th Cir. 2000) (rejecting claim that prosecution was time-barred by applicable state statute of limitations because "a state court's failure properly to apply a state statute of limitations does not violate due process or, indeed, any other provision of the Constitution or a federal statute.") Liberally construed, the remaining claims are sufficient to require a response.

---

[1] Petitioner presents two prosecutorial misconduct claims but the court has consolidated them into one claim.

2

Petitioner has also requested the appointment of counsel.  The Sixth Amendment's right to counsel does not apply in habeas corpus actions.  *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  However, 18 U.S.C. § 3006A(a)(2)(B) provides that in habeas cases, whenever "the court determines that the interests of justice so require", representation may be provided for any financially eligible person.  Petitioner has presented his claims adequately, and they are not particularly complex.  The interests of justice do not require appointment of counsel

## CONCLUSION

1. Leave to proceed in forma pauperis (Docket No. 4) is **GRANTED**.

2. The motion to appoint counsel (Docket No. 2) is **DENIED**.

3. The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

4. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

5. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, it is due fifty-six (56) days from the date this order is entered.  If a motion is filed, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fourteen days of receipt of any opposition.

6. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated:    June 14, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.13\Hale2151.osc.wpd

4